IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CARD VERIFICATION SOLUTIONS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **BANK OF AMERICA CORPORATION,** <br><br> Defendant. | **Case No. 1:13-CV-06335** <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Card Verification Solutions, LLC ("CVS") files this Complaint against Bank of America Corporation ("Bank of America" or "Defendant") for infringement of U.S. Patent No. 5,826,245 ("the '245 patent").

## THE PARTIES

1. CVS is an Illinois limited liability company with its principal office at 3301 W. Marshall Avenue, Suite 302, Longview, Texas 75604.

2. Bank of America is a Delaware corporation with its principal place of business located at 100 N. Tryon Street, Charlotte, NC 28255.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under Title 35 of the United States Code.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes, 35 U.S.C. § 101 *et seq*.

...

5. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Bank of America has committed acts of infringement in this district and/or is deemed to reside in this district.

6. This Court has personal jurisdiction over Bank of America and venue is proper in this district because Bank of America has committed, and continues to commit, acts of infringement in the State of Illinois, including in this district and has engaged in continuous and systematic activities in the State of Illinois, including in this district. For example, Bank of America regularly conducts business in this district as shown by its approximately 50 locations within one mile of Chicago. Therefore, Bank of America has engaged in continuous and systematic activities in this district and has purposefully availed itself of the privileges of conducting business in this district.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 5,826,245)

7. CVS incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. The '245 patent is entitled "Providing Verification Information for a Transaction." CVS is the owner of the '245 patent with ownership of all substantial rights in the '245 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '245 patent is attached as Exhibit 1.

10. The '245 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**(Direct Infringement)**

11.     Bank of America has and continues to directly infringe one or more claims of the '245 patent in this judicial district and/or elsewhere in Illinois and the United States, including at least claim 22 by, among other things, practicing methods that infringe the '245 patent including, but not limited to methods for providing verification information for a transaction between an initiating party and a verification-seeking party such as point-of-sale or internet transactions using a credit or debit card.  Bank of America is thereby liable for infringement of the '245 patent pursuant to 35 U.S.C. § 271.

12.     Based on the information presently available to CVS, absent discovery, CVS contends that Bank of America has and continues to directly infringe one or more claims of the '245 patent, including at least claim 22, by practicing the method in conjunction with other third parties who work synergistically with Bank of America to provide verification information for a transaction using a nonsecure communication network, such as merchants, payment processors, gateways, and other issuing or acquiring banks (hereinafter "Participating Entities").  Bank of America in conjunction with the Participating Entities have, at minimum, directly infringed the '245 patent pursuant to 35 U.S.C § 271.

13.     To the extent any of the asserted claims, such as claim 22, are construed to require action that is performed by a Participating Entity, such actions are attributable to Bank of America in accord with the principles of joint infringement in that Bank of America retains direction and/or control over the actions of the Participating Entities.

14.     On information and belief, Bank of America exerts direction or control over the Participating Entities, at a minimum, through contractual obligations to provide services that

include the performance of actions falling within at least one element of at least one of the asserted claims, such as claim 22.

15. In accordance with Fed. R. Civ. P. 11(b)(3), CVS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

16. CVS has been damaged as a result of Bank of America's infringing conduct described herein. Bank of America is, thus, liable to CVS in an amount that adequately compensates CVS for Bank of America's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

### **(Indirect Infringement – Inducement)**

17. Based on the information presently available to CVS, absent discovery, and in the alternative to direct infringement, CVS contends that Bank of America has and continues to indirectly infringe one or more claims of the '245 patent, including at least claim 22 by inducing others (e.g., merchants, payment processors, gateways, issuing banks, or acquiring banks) to practice methods in violation of one or more claims of the '245 patent.

18. Bank of America has been on notice of the '245 patent since at least since receipt of service of this Complaint.

19. Since Bank of America has been on notice of the '245 patent, Bank of America has knowingly induced infringement of the '245 patent, including at least claim 22 of the '245 patent, and possessed specific intent to encourage others' infringement.

20. Since Bank of America has been on notice of the '245 patent, Bank of America knew or should have known that its actions would induce actual infringement of the '245 patent, including at least claim 22 of the '245 patent.

21.     Bank of America provides support and encourages others (e.g., merchants, payment processors, gateways, issuing banks, and/or acquiring banks) to practice the methods and infringe at least claim 22 of the '245 patent. On information and belief, Bank of America, at a minimum, provides support and encourages others through contractual obligations to provide services that include the performance of the patented methods. In accordance with Fed. R. Civ. P. 11(b)(3), CVS will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

22.     Bank of America has not produced any evidence as to any investigation, design around or that any remedial action was taken with respect to the '245 patent. In accordance with Fed .R. Civ. P. 11(b)(3), CVS will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

23.     CVS has been damaged as a result of Bank of America's infringing conduct described in this Count. Bank of America is, thus, liable to CVS in an amount that adequately compensates it for Bank of America's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

CVS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

CVS requests that this Court find in its favor and against Defendant, and that this Court grant CVS the following relief:

a. Enter judgment for CVS on this Complaint;

b. Enter judgment that one or more claims of the '245 patent has been infringed, either directly or indirectly by Defendant;

c. Enter judgment that Defendant accounts for and pays to CVS all damages to and costs incurred by CVS because of Defendant's infringing activities and other conduct complained of herein;

d. Enter judgment that Defendant accounts for and pays to CVS a reasonable royalty and an ongoing post judgment royalty because of Defendant's past, present and future infringing activities and other conduct complained of herein;

e. Award CVS pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

f. Award CVS such other and further relief as the Court may deem just and proper under the circumstances.

DATED: September 4, 2013　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ *Timothy E. Grochocinski*
　　　　　　　　　　　　　　　　　　　　　Timothy E. Grochocinski
　　　　　　　　　　　　　　　　　　　　　Aaron W. Purser
　　　　　　　　　　　　　　　　　　　　　Joseph P. Oldaker
　　　　　　　　　　　　　　　　　　　　　INNOVALAW, P.C.
　　　　　　　　　　　　　　　　　　　　　1900 Ravinia Place
　　　　　　　　　　　　　　　　　　　　　Orland Park, Illinois 60462
　　　　　　　　　　　　　　　　　　　　　P. 708.675.1975
　　　　　　　　　　　　　　　　　　　　　F. 708.675.1786
　　　　　　　　　　　　　　　　　　　　　teg@innovalaw.com
　　　　　　　　　　　　　　　　　　　　　apurser@innovalaw.com
　　　　　　　　　　　　　　　　　　　　　joldaker@innovalaw.com

　　　　　　　　　　　　　　　　　　　　　**COUNSEL FOR PLAINTIFF**
　　　　　　　　　　　　　　　　　　　　　**CARD VERIFICATION**
　　　　　　　　　　　　　　　　　　　　　**SOLUTIONS, LLC**